# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MAX E. SILVER,**
        **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 1:06CV70**
                                                          **(Judge Keeley)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**,
        **Defendant**.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Plaintiff's "Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. Section 406(b)(1) filed on April 16, 2009" [Docket Entry 32]. The Defendant Commissioner of Social Security did not file a Response or Objection to the Motion.

## I. Procedural History

Max E. Silver ("Plaintiff") filed his application for DIB on March 3, 2003, alleging disability as of February 2, 1998, due to a right hand injury (R. 79, 89). Plaintiff's DIB application was denied initially and on reconsideration (R. 38, 43). Plaintiff requested a hearing, which Administrative Law Judge ("ALJ") William Clark held on December 19, 2003 (R. 391). The ALJ rendered a decision on September 12, 2005, finding that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (R. 28). The Appeals Council denied Plaintiff's request for review on April 12, 2006, making the ALJ's decision the final decision of the Commissioner (R. 7).

Plaintiff filed a Complaint in this Court on May 10, 2006. Defendant filed a Motion to Remand the case on July 17, 2006, based on his failure to locate the tape of the administrative hearing. The Court granted the Motion to Remand on July 17, 2006. Plaintiff filed a Motion to Vacate the Order on August 30, 2006. Defendant filed a Motion to Enlarge Time within which to file a response, which

motion was granted by the Court on September 12, 2006. Defendant filed his Answer to the Complaint on September 19, 2006.

Plaintiff filed his Motion for Summary Judgement on October 23, 2006. Defendant filed a motion for extension of time to file his Motion for Summary Judgment on November 16, 2006, which motion was granted by the Court. Defendant filed his Motion for Summary Judgment on December 22, 2006, and Plaintiff filed his Reply on January 11, 2007.

The undersigned United States Magistrate Judge entered a Report and Recommendation/Opinion on May 21, 2007, recommending Defendant's Motion for Summary Judgment be denied and Plaintiff's Motion for Summary Judgment be granted in part, by reversing the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), with a remand of the cause to the Commissioner for further proceedings. No objections were filed by either party. On June 6, 2007, United States District Judge Irene M. Keeley entered an Order Adopting the Report and Recommendation and Judgment was entered for the plaintiff that same date.

On July 3, 2007, District Judge Keeley entered a Stipulation for Payment of Attorney's Fees pursuant to the EAJA. Counsel for Plaintiff and Defendant agreed that Plaintiff was entitled to attorney fees in the amount of $2100.[1]

Pursuant to the Court's remand order, Administrative Law Judge William B. Harmon held a new hearing on Plaintiff's claim on December 9, 2008. On December 24, 2008, ALJ Harmon issued a partially favorable decision finding Plaintiff was disabled commencing January 22, 2002.

According to the Notice of Award submitted by Plaintiff to the Court, Plaintiff was awarded

---

[1]Counsel for Plaintiff advises the Court that he will refund to Plaintiff the lesser of the fee payable under 42 U.S.C. section 406(b) and the fee already awarded pursuant to the EAJA.

past-due benefits of over $79,000 for the period July 2002 through March 2009.[2]

Plaintiff and counsel entered into a Contract for Joint Representation on May 1, 2006, in which the parties agreed that counsel would seek authorization to claim an attorney's fee from the Client's past-due benefits from the U.S. District Court only if 25% of the Client's past-due benefits exceeded the aggregate amount of the fee payable to the Referring Attorney and the fee payable to counsel in Court proceedings pursuant to the EAJA. Twenty-five percent of $79,000 is $19,750.00. Counsel claims $8,800, which even in combination with the fee awarded to Plaintiff's attorney at the administrative level, is less than the amount authorized under the parties' contract.

In Mudd v. Barnhart, 418 F.3d 424 (4th cir. 2005), the Fourth Circuit cited the United States Supreme Court in stating:

> As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits . . . [42 U.S.C. section] 406(b) simply instructs a court to review the agreement for reasonableness.

(citing Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.E.2d 996 (2002)).

In the present case, the agreement does not call for a fee above 25%. Further, the undersigned finds the fee claimed by Plaintiff's counsel is not unreasonable, in that: 1) it is not out of line with the character of the representation and the results achieved; 2) counsel was not responsible for any delay causing past-due benefits to accumulate during the pendency of the case in court; and 3) past due benefits are not large in comparison to the amount of time counsel spent on the case. See id.

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge finds Plaintiff's requested attorney's fee of $8,800 is reasonable. The undersigned therefore respectfully recommends

---

[2]$5,300 was withheld from these benefits to pay attorney's fees to the attorney who represented Plaintiff in the administrative proceedings; therefore, Plaintiff actually received $74,062 in past benefits.

the Court order that Plaintiff's Motion for Award of Attorney's fees pursuant to 42 U.S.C. section 406(b)(1) be granted, and that Defendant pay to Plaintiff's counsel, Michael Miskowiec, Esquire, the sum of $8,800 dollars in attorney's fees being withheld from the plaintiff's past-due benefits. The undersigned also recommends the Court further order that, upon receipt of the aforementioned sum, Mr. Miskowiec shall, as advised in his Memorandum, remit to the Plaintiff the amount of $2,100, representing the amount already paid to Mr. Miskowiec on the Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. section 2412.

Any party may, within ten days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 29 day of June 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE